## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MASSACHUSETTS
## WESTERN DIVISION

| | |
|---|---|
| **In re**<br><br>**JEREMY SHLOSSER**<br><br><br>**Debtor** | **Chapter 7**<br>**Case No. 18-30953-EK** |

## APPLICATION TO EMPLOY BK GLOBAL REAL ESTATE SERVICES

## AND TEAMWORK REALTY GROUP, LLC FOR SALE OF PROPERTY

Now comes STEVEN WEISS, Chapter 7 Trustee (the "Trustee") for the above referenced bankruptcy estate of Jeremy Shlosser (the "Debtor"), by and through the undersigned counsel, files this Application for entry of an order, substantially in the form attached hereto as *Exhibit A*, authorizing employment of (1) BK Global Real Estate Services ("BKRES") under the terms set forth in the agreement (the "BKRES Agreement") attached to BKRES' Affidavit of Disinterestedness at *Exhibit B* (the "BKRES Affidavit") and (2) TEAMWORK REALTY GROUP, LLC ("Listing Agent") under the terms of the agreement (the "Listing Agreement") attached to Listing Agent's Affidavit of Disinterestedness at *Exhibit C* (the "Listing Agent Affidavit"). In support thereof, the Trustee respectfully states as follows:

### PRELIMINARY STATEMENT

Trustee requests approval to retain BKRES and Listing Agent, at no cost to the estate, to negotiate with and persuade the first lienholder on certain real property in which the estate has no equity to (1) allow Trustee to sell such property at the highest price that the market will bear, (2) waive the resulting deficiency claim and (3) pay a 11 U.S.C. § 506 surcharge to provide a carve

out for the benefit of the estate and pay all other sale expenses, including a 6% brokerage commission that will be shared equally by BKRES and Listing Agent, with such compensation to be subject to further order of this Court.

BKRES and its affiliates have proprietary technology and a national team of experienced loan servicing specialists, asset managers, negotiators, trustee relation managers, real estate brokers and agents, closing specialists and attorneys with extensive experience in procuring the consent of mortgage lenders and servicers to sell over-encumbered properties and provide significant cash recoveries to selling estates with no equity, through the Consented Sale™ process described herein.

The proposed agreements are attached and provide that BKRES and Listing Agent will not be entitled to any compensation from the estate whatsoever under any circumstances. They will only receive and share a customary brokerage commission that is paid by secured creditor as a 11 U.S.C. § 506 surcharge to be approved by this Court.

The Trustee (1) believes that hiring BKRES and Listing Agent to pursue a Consented Sale™ will likely result in secured creditor paying a carve out for the benefit of the estate with proceeds from the private sale of an asset in which the estate has no equity and (2) expects to obtain secured creditor's agreement to a Consented Sale™, and bring a separate motion seeking this Court's approval of the procedures, terms and conditions by which the over-encumbered property will be sold, within the coming months.

### JURISDICTION

1.    This Court has jurisdiction to consider this Application pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A), (M), (N), and (O).

2.    Venue is proper before this Court pursuant to 28 U.S.C. §§1408 and 1409.

## BACKGROUND

3.      On October 31, 2018 the Debtor commenced this case by filing a voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code.

4.      Thereafter, the Trustee was appointed as the Chapter 7 trustee in this case.

5.      The Trustee held and concluded the 341 meeting on December 11, 2018.

6.      The Debtor is the sole owner of real property located at 63 Clarendon Avenue Chicopee, MA 01013 (the "Property").

7.      The Debtor's schedules reflect that the Property is currently worth $130,000.00, but is subject to a first mortgage lien (the "Senior Mortgage") in favor of United Bank/Dovenmuehle (the "Secured Creditor") in an amount exceeding $129,389.00.

8.      The Trustee, after reviewing certain materials, including (without limitation) the BK Score™[1], sales analysis report and opinion of value for the Property provided by BKRES and Listing Agent, has determined it to be in the best interest of the Debtor's estate and all creditors to negotiate to obtain Secured Creditor's agreement and consent ("Consent") to:

     a.  sell the Property to whichever third party Trustee determines to have made the best qualified offer during a public sale approved by the Court;

     b.  buy the Property from the Debtor's estate if (and only if) no such offer is made;

     c.  release the Senior Mortgage and otherwise waive all of its claims against the estate with respect to the Property (including any deficiency claims resulting from the proposed sale); and

     d.  agree to a 11 U.S.C. § 506 surcharge to pay all of the expenses associated with the proposed sale, including the payment of a 6% real estate brokerage

---

[1] The BK Score™ is a 100-point rating that is generated by a proprietary algorithm from 10 unique property attributes in order to consistently measure sales confidence and predict market value.

commission to BKRES and Listing Agent and reimbursement of their out-of-pocket expenses (with such compensation to be subject to further order of this Court), and provide a carve out for the benefit of allowed unsecured creditors of the Debtor's estate.

9.    Trustee expects BKRES and Listing Agent to obtain Secured Creditors' Consent and the Trustee will bring a separate motion seeking an order approving the sale of the Property (the "Motion to Approve Sale") upon receipt of an acceptable offer.

10.    By this Application, the Trustee requests authority pursuant to Sections 327, 328(a) and 330 of the Bankruptcy Code to (a) retain BKRES and Listing Agent to procure Secured Creditor's Consent, and (b) approve Secured Creditor's payment of the fees described below directly to BKRES and Listing Agent at closing of the sale of the Property, if and when the Consent and Motion to Approve Sale are granted, with allowance such compensation to be subject to further order of this Court.

**APPLICATION**

11.    Section 328(a) of the Bankruptcy Code provides, in relevant part, that a debtor "with the court's approval, may employ or authorize the employment of a professional person under section 327...on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, on a fixed percentage or fee basis, or on a contingent fee basis." 11 U.S.C. § 328(a). Section 330 of the Bankruptcy Code permits the Court to "award to a trustee... or a professional person employed under section 327...(A) reasonable compensation for actual, necessary services rendered [by such party]... and (B) reimbursement for actual, necessary expenses." 11 U.S.C. § 330(a)(1).

12.     As further described in the materials attached to their affidavits, BKRES[2] and Listing Agent have extensive experience obtaining the consent and agreement of mortgage lenders and servicers to the sale of their collateral and resolution of any resulting unsecured claims in order to produce a recovery for estates from over-encumbered assets in which the estate has no equity.

13.     The Trustee believes that the highest and best value for the Property will be generated through a sale in which the Property is widely marketed to the public and offered at the highest price that the market will bear.  The Trustee further believes that such a sale is in the best interest of the Debtor's estate, but can only be achieved if Secured Creditors' Consent is first obtained.  That is why the Trustee believes that retaining BKRES and Listing Agent to obtain Secured Creditor's Consent is in the best interests of the Debtor's estate.

14.     In no event will the estate have any obligation to pay BKRES or Listing Agent.  The terms of the BKRES Agreement and Listing Agreement provide that BKRES and Listing Agent are only entitled to payment if and when (a) Secured Creditor grants its Consent, (b) the Motion to Approve Sale is granted and (c) the Property is sold, in which event BKRES and Listing Agent will receive and share a 6% real estate brokerage commission at closing as may be allowed in accordance with the order approving the sale.

15.     BKRES and Listing Agent will not be entitled to any fees if Secured Creditor does not grant its Consent or the Court does not grant the Motion to Approve Sale.

16.     The Trustee submits that the terms of employment and compensation as set out in the BKRES Agreement and Listing Agreement are reasonable in light of the extensive experience of BKRES and Listing Agent and the nature of the services they provide.

---

[2] BKRES is the broker affiliate of BK Global (http://www.bkginc.com/).

17.    BKRES attested that it is a disinterested person within the meaning of Section 101(14) of the Bankruptcy Code and Federal Rules of Bankruptcy Procedure 2014 and 2016(a). Attached hereto as *Exhibit B* is an Affidavit of Disinterestedness of BKRES. BKRES also attests, pursuant to Bankruptcy Rule 2016, that it shall not split or share its fee with any individual or entity other than Listing Agent.

18.    Listing Agent attested that it is a disinterested person within the meaning of Section 101(14) of the Bankruptcy Code and Federal Rules of Bankruptcy Procedure 2014 and 2016(a). Attached hereto as *Exhibit C* is an Affidavit of Disinterestedness of Listing Agent. Listing Agent also attests, pursuant to Bankruptcy Rule 2016, that it shall not split or share its fee with any individual or entity other than BKRES.

### CONCLUSION

For the foregoing and all other necessary and proper purposes, the Trustee seeks the Court's authority to retain BKRES and Listing Agent in this case, and requests that the Court approve the compensation arrangements set forth in the BKRES Agreement and Listing Agreement pursuant to Sections 327, 328(a) and 330 of the Bankruptcy Code.

Date: January 7, 2019

                                        STEVEN WEISS,
                                        TRUSTEE


                        By:    /s/ Steven Weiss, Esquire
                               Steven Weiss, Esquire
                               BBO# 545619
                               Shatz, Schwartz and Fentin, P.C.
                               1441 Main Street, Suite 1100
                               Springfield, MA  01103
                               (413) 737-1131
                               sweiss@ssfpc.com

EXHIBIT A

**UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MASSACHUSETTS
WESTERN DIVISION**

| | |
|---|---|
| **In re**<br><br>**JEREMY SHLOSSER**<br><br>**Debtor** | **Chapter 7**<br>**Case No. 18-30953-EK** |

## ORDER AUTHORIZING THE CHAPTER 7 TRUSTEE TO EMPLOY BK GLOBAL REAL ESTATE SERVICES AND EXIT REAL ESTATE EXECUTIVES

Upon the Notice and Application of STEVEN WEISS, the trustee in the above-captioned case ("Trustee"), to *Employ BK Global Real Estate Services and Kim D'elia pursuant to 11 U.S.C. § § 327, 328 and 330* ("Application") [Docket No. __], the Court having reviewed and considered the Notice, Application and the Affidavit of Disinterestedness and having found good and sufficient cause appearing therefor and the same to be in the best interest of Debtor and the creditors the Court hereby FINDS that:

A.    The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 157(b)(2).

B.    Venue of this Chapter 7 case and the Application is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

C.    Notice of the Application was sufficient under the circumstances.

Based upon the foregoing findings of fact, it is hereby

ORDERED, ADJUDGED, AND DECREED that:

1.    The Application is hereby GRANTED.

2.    Defined terms not otherwise defined herein have the meanings given to them in the Application and the Affidavit.

3.    The Trustee is authorized to retain BKRES and Listing Agent to procure Secured Creditor's Consent, and otherwise market and sell the Property, in Debtor's Chapter 7 case *pursuant*

7

to Sections 327, 328(a) and 330 of the Bankruptcy Code, and Bankruptcy Rules 2014 and 2016, in accordance with the terms and conditions set forth in the BKRES Agreement, the Listing Agreement and this Order. BKRES and Listing Agent shall not split or otherwise share their fees with any other person or entity.

4.    BKRES and Listing Agent are disinterested persons within the meaning of Bankruptcy Code Section 101(14).

5.    BKRES and Listing Agent shall be compensated in accordance with the BKRES Agreement and Listing Agreement, respectively, with allowance of all fees and expenses subject to further order of this Court.

6.    Notice of the Application was adequate and proper.

7.    This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation of this Order.

_____

ELIZABETH D. KATZ

BANKRUPTCY JUDGE

18\0354\Application.Employ.Brokerfinal.1601

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MASSACHUSETTS
## WESTERN DIVISION

|  |  |
|---|---|
| In re<br><br>Jeremy Shlosser<br><br><br>Debtor | Chapter 7<br>Case No. 18-30953 |

## DECLARATION OF PATRICK BUTLER IN SUPPORT OF APPLICATION TO RETAIN BK GLOBAL REAL ESTATE SERVICES AND TEAMWORK REALTY GROUP, LLC TO PROCURE CONSENTED PUBLIC SALE PURSUANT TO 11 U.S.C. § 327, 328 AND 330

The undersigned, Patrick Butler ("Declarant") hereby states:

1.      I am employed by BK Global Real Estate Services ("Applicant" or "BKRES"), which is an entity duly licensed as a real estate brokerage by the State of Texas located at 1095 Broken Sound Parkway, Suite 100, Boca Raton, FL 33487.  I am Applicant's broker-in-charge and am authorized by Applicant to submit this Declaration on Applicant's behalf in support of the annexed Application to Retain BKRES and in accordance with Bankruptcy Rule 2014.

2.      Based upon the information discussed below, I believe that Applicant is a disinterested person and does not hold or represent any interest adverse to the interest of the Debtor's estate as that term is defined in Section 101(14) of the Bankruptcy Code.

3.      To the best of my knowledge:  (a) neither BKRES nor any of its employees has any connection with the Debtor, its creditors in this case, the Chapter 7 Trustee, the Office of the United States Trustee, or any employees thereof or any party in interest herein; (b) BKRES and each of its employees are "disinterested persons," as that term is defined in Section 101(14) of the

Bankruptcy Code; and (c) neither BKRES nor any ol its employees hold or represent an interest adverse to the Debtor's estate.

4.     A description of the qualifications of, and services provided by, BKRES is attached as Schedule 1.

5.     That I have read the application of the Trustee regarding the retention and compensation of BKRES and agreed to be bound by the terms and conditions represented therein.

6.     That I further understand that the Court, in its discretion, may alter the terms and conditions of employment and compensation, as fully set forth in the BKRES Agreement that is attached as Schedule 2 hereto, as it deems appropriate.


Verified under penalty of perjury that the foregoing is true and correct this _4_ day of _2019_ ,.

_____
Patrick Butler
Corporate Broker


The foregoing instrument was acknowledged before me this _4_ day of _January 2019_, by Patrick Butler


who provided identification or is personally known to me and who aid take an oath.


My commission expires

Notary Public State of Florida
Sharon Beatrice Sirois
My Commission FF 196000
Expires 02/04/2019

## SCHEDULE I

BK Global Real Estate Services is a licensed real estate brokerage by the State of Florida, located at 1095 Broken Sound Parkway N.W., Suite 100, Boca Raton, Florida, 33487.

BK Global Real Estate Services has a strong background and extensive experience in dealing with the mortgage servicing industry and is considered an expert in assisting in the negotiations with secured creditors whose debt is in excess of the market value of the real property and in negotiating short sales.

BK Global Real Estate Services has been providing real estate services to Chapter 7 bankruptcy trustees since 2014.

BK Global Real Estate Services has developed a process to assist Chapter 7 trustees in the sale of over-encumbered real estate to obtain the consent of the secured creditor to allow the Chapter 7 trustee to sell the real property and to assist the Chapter 7 trustee in negotiating a carve out for the bankruptcy estate that will provide a meaningful distribution to the unsecured creditors..

BK Global Real Estate Services is to be retained by the Chapter 7 trustee pursuant to 11 U.S.C. § 327. The first step is for BK Global Real Estate Services to assist the Chapter 7 trustee in obtaining the consent of the secured creditor to allow the Chapter 7 trustee to sell the secured real estate. Those negotiations will include establishing a carve-out of the sale proceeds to the bankruptcy estate that will provide a meaningful distribution to unsecured creditors.

In addition, a carve out will be established to pay a real estate commission to BK Global Real Estate Services and a local real estate licensed broker. In addition, as part of the negotiations, the secured creditor will be required to waive the filing of any deficiency claim.

Once the Court has approved the retention of BK Global Real Estate Services and the local real estate licensed broker, then the real property will be listed for sale at an agreed listing price by the secured creditor.

A motion will be filed to approve the settlement and compromise reached between the Chapter 7 trustee and the secured creditor.

BK Global Real Estate Services has successfully assisted Chapter 7 trustees in 33 court districts in the consented program. BK Global Real Estate Services does this by achieving the highest sale prices for properties as opposed to the more common "discounted sale" often presented to secured creditors by less experienced service providers. The transaction is never consummated unless the carve-out percentage or fee is sufficient to provide a meaningful distribution to unsecured creditors. BK Global Real Estate Services has standards in the mortgage industry whereby all parties can have a mutually beneficial outcome to the sale. The sale of over-encumbered real estate in bankruptcy presents a superior outcome to all parties.

- Unsecured creditors achieve a meaningful distribution on many more bankruptcy cases than they do on 'no asset' cases;

- The Chapter 7 trustee is able to conduct these transactions in a very cost-effective manner substantiating the carve-out amounts generated in these sales; and

- Secured creditors achieve more favorable recovery than they would via foreclosure including minimized compliance risk.

Page 4-2 of the Handbook for Chapter 7 Trustee states that by virtue of 11 U.S.C. § 323(a) the trustee is a representative of the estate. Further, the handbook states, "The trustee is a fiduciary charged with protecting the interest of all estate beneficiaries – namely, all classes of creditors, including those holding secured, administrative, priority and non-priority unsecured claims, as well as the debtor's interest in exemptions and in any possible surplus property."

BK Global Real Estate Services is a licensed Real Estate Broker and acts in the capacity as a licensed agent/broker. As a member of the real estate professional association, BK Global Real Estate Services is permitted to work with local brokers and share fees for work conducted. Section 504(b) of the Bankruptcy Code permits the compensation BK Global Real Estate Services receives for work conducted on a case.

BK Global Real Estate Services has developed a nationwide network of licensed real estate brokers that are trained in the sale of over-encumbered real estate in bankruptcy. BK Global Real Estate Services co-lists the real estate with one of our local trained licensed brokers. The trustee hires both BK Global Real Estate Services and the local broker to perform the required services. The listing commission is split between BK Global Real Estate Services and the local broker.

For these fees, both BK Global Real Estate Services and the local broker share in the duties that are required to conduct a consented sale in bankruptcy.

BK Global Real Estate Services' services include, but are not limited to, the following:

- Researching the real estate, running title and lien searches to identify creditors for resolution and any title issues;
- Advising the trustee of any issues and discuss potential resolutions;
- Conducting the resolutions under the trustee's direction;
- Assisting the trustee in the collection of documents and information for employment;
- Making contact with the secured creditor(s);
- Notifying them of the upcoming sale and identifying servicer requirements;
- Assisting the trustee in establishing market value and negotiating with the servicer an acceptable sales price and establishing a carve-out;
- Development of online marketing, email campaign and full nationwide marketing services;
- Conducting on online sale;
- Use of the technology platform;

- Assist the trustee in the review of all offers and coordinate the final documentation of the offer accepted by the trustee;
- Managing contract requirements such as inspections, appraisals and HOA applications;
- Coordinating closings and assisting the trustee in the collection of required information for court filing; and
- Closing the transaction and ensure the estate has received the appropriate funds.

Local broker services include, but are not limited to:

- Inspecting the property and completing a broker's price opinion;
- Listing the property in the multiple listing service (MLS); and
- Posting a for sale sign in the yard and coordinating showings.

U.S. Bankruptcy Court Districts where BK Global Real Estate Services conducted Consented Sales:

- Eastern District of Arkansas
- Central District of California
- Eastern District of California
- Southern District of California
- District of Colorado
- District of Connecticut
- Middle District of Florida
- Southern District of Georgia
- District of Hawaii
- Northern District of Illinois
- Northern District of Indiana
- Southern District of Indiana
- Western District of Kentucky
- Eastern District of Louisiana
- Middle District of Louisiana
- Western District of Louisiana
- District of Massachusetts
- District of Maryland
- Eastern District of Michigan
- Eastern District of North Carolina
- District of New Jersey
- District of Nevada
- Eastern District of New York
- Northern District of Ohio
- Southern District of Ohio
- District of Oregon
- Eastern District of Pennsylvania

- Middle District of Pennsylvania
- Western District of Pennsylvania
- Northern District of Texas
- Western District of Texas
- Western District of Washington

**EXCLUSIVE RIGHT TO SELL LISTING AGREEMENT #709** (Page 1 of 2)



I/We Steven Weiss, BK Trustee for the Estate of Jeremy Shlosser

("SELLER"), hereby grant to Arthur M. Richton of Teamwork Realty Group, LLC _____, a real estate

broker licensed under the laws of the Commonwealth of Massachusetts ("BROKER"), the exclusive right to sell the property described as

63 Clarendon Avenue, Chicopee, MA 01013

and recorded in the Hampden County _____ County Registry Of Deeds at Book 17905 _____, Page 574

("PROPERTY") on the following terms and conditions:

**1. Seller's Duties And Representations.** The BROKER is granted the exclusive right to sell the PROPERTY, as the SELLER'S agent during the term of the Agreement and the SELLER agrees to refer all inquiries to the BROKER, to cooperate in marketing the PROPERTY including completing, lead paint (if property built before 1978) and other forms. If the PROPERTY is sold to a buyer procured by the BROKER by the SELLER or by anyone else, the fee described in paragraph 4 shall be due. The BROKER is authorized, but is not required: (a) to offer compensation to other licensed brokers as buyer's agents or facilitators; (b) to place a listing for the PROPERTY in any multiple listing service; (c) to place a sign on the PROPERTY; (d) to photograph and advertise the PROPERTY in such media as the BROKER may select and (e) to place a lock box on the PROPERTY. The SELLER authorizes the BROKER to disclose to prospective buyers all information about the PROPERTY provided to the BROKER by the SELLER, all of which the SELLER represents to be accurate. **The SELLER acknowledges receipt of a Mandatory Licensee-Consumer Relationship Disclosure form.** According to the Code of Ethics and Standards of Practice of the National Association of REALTORS®, SELLER has been advised of (1) the broker's general company policies regarding cooperation with and compensation to subagents, buyer's agents and other licensees; (2) the fact that a buyer's agent, even if compensated by the listing broker or seller will represent the interest of the buyer; and (3) any potential for the listing broker to act as a disclosed dual agent on behalf of the seller and buyer. The SELLER agrees to comply with all applicable fair housing laws. Seller is aware that there is a risk of injury to persons viewing the Property as well as a risk of loss or damage to property of the seller during a showing or open house, whether the showing is accompanied by the Broker, via lockbox or otherwise. Seller has the responsibility to prepare the Property for marketing to minimize the likelihood of injury, damage and loss. Seller agrees to indemnify, defend and hold Broker and its agents harmless from any loss or claim of liability during any showing or open house, other than if proven to have been the result of broker's intentional misconduct. Seller understands and agrees that showings may be conducted by licensees other than the Broker or its agents and that inspectors or appraisers may conduct inspections and appraisals outside the presence of the Broker. Seller further understands and agrees that other licensees and prospective buyers are permitted to photograph and videotape the property unless expressly stated to the contrary.

**2. Listing Price.** The listing price for the PROPERTY shall be _$139,900.00_ _____ dollars or such other price and terms as the SELLER may approve.

**3. Listing Period.** This Agreement shall begin on _____ and end on _____ and may be extended by agreement.

**4. Broker's Fee.** (a) If within the term of this Agreement or any extension the PROPERTY is sold or the BROKER procures a buyer who is ready, willing and able to buy at a price and on the terms set forth herein or on such other price and terms as the SELLER may agree, the BROKER shall be due a fee of Six (6%) _____ percent of the selling price, whether or not the transaction is completed or title passes. Said fee shall be paid at the time set for closing and may be deducted from amounts held by BROKER as escrow agent. The aforesaid fee shall also be due upon sale of the property to any person who was introduced to the PROPERTY during the aforesaid term or any extension or who entered into an agreement to purchase during the term, during any extension or within _____ days after expiration of the term or any extension, regardless of the date that title passes, except if the SELLER has entered into an exclusive agreement with another broker in good faith, in which case the BROKER shall be entitled to receive only the difference between the fee set forth herein and any lesser fee paid to the other broker. If any deposit is retained by the SELLER as liquidated damages for default by the buyer under any agreement for sale of the PROPERTY, the BROKER shall be due one-half (1/2) of the amount so retained, but not more than an amount equal to the full commission that would have been paid to BROKER if a sale had been completed.

(b) SELLER shall not pay any other broker for services in connection with sale of the PROPERTY nor give any instruction that reduces the BROKER'S fee, except if the BROKER has given written consent. Acceptance of escrowed funds shall not constitute consent. Should SELLER



**EXCLUSIVE RIGHT TO SELL LISTING AGREEMENT #709** (Page 2 of 2)



violate the foregoing provision and BROKER initiates or is caused to participate in any lawsuit, arbitration or other proceeding, including an interpleader action, BROKER shall be reimbursed by SELLER: (i) for BROKER'S reasonable attorneys' fees and costs; and (ii) to receive from SELLER interest at the legal rate on the amount due BROKER.

(c) All disputes, claims or controversies arising out of or related to this Agreement shall, upon demand of either party, be submitted for binding arbitration, to the local association/board of REALTORS® or, in the event the association/board declines to hear the matter, to the American Arbitration Association ("AAA") or, upon mutual agreement, to another dispute resolution service. The REALTOR® arbitration proceedings shall be conducted by a panel of three (3) arbitrators according to the then current rules of the association/board of REALTORS® (or, if before AAA, by a single arbitrator according to the consumer arbitration rules, or if not applicable, to the commercial arbitration rules of the AAA) and all proceedings will be conducted at a location in Massachusetts chosen by the arbitrator. Except as provided for proceedings pursuant to paragraph (b), reasonable attorneys' fees and costs shall be awarded to the generally prevailing party in the arbitration or lawsuit. Should either party file a claim for violation of General Laws Chapter 93A, the prevailing party (including any agent of the BROKER) shall be entitled to recover reasonable attorneys' fees and costs, but no fees and costs shall be recovered in the event that a tender of settlement was made in advance of suit, but rejected, and the court or arbitrator determines that the rejected tender was reasonable in relationship to the injury actually suffered.

**5. Broker Cooperation.** BROKER hereby advises SELLER that BROKER will offer compensation to cooperating licensees as follows: buyer's agents 2_____ % of the selling price; facilitators (non-agents) 2_____ % of the selling price. If subagency will be offered Consent To Subagency form must be signed. SELLER hereby authorizes the BROKER to disclose to prospective buyers whether an offer has been submitted on the PROPERTY and to disclose whether the offer is from a buyer introduced to the PROPERTY by the listing agent, by another licensee associated with the BROKER, or by a cooperating broker. Disclosure of the price and other terms of any offer shall remain confidential until closing, unless otherwise authorized by SELLER.

**6. Broker's Duties.** The BROKER agrees to use reasonable efforts in marketing the PROPERTY and agrees to list the PROPERTY with the MLSPIN_____ multiple listing service. The BROKER shall have no obligation to continue to market the PROPERTY after an offer has been accepted. The BROKER is not hired as a property inspector, tax advisor or attorney and if such services are desired SELLER should hire professionals. It shall not constitute a violation of any duty owed by the BROKER or by any agent associated with the BROKER to advise a prospective buyer of the availability of a competing property or to assist a buyer with the purchase of another property.

**7. Additional Terms.**

This Listing Agreement and any sale of the property is subject to and conditioned upon approval by the United States Bankruptcy Court.

---

DATED

_Arthur Richton_    dotloop verified
                    12/19/18 6:03 PM EST
                    PZYH-OIGZ-YTAM-QLLT

BROKER Or Authorized Representative

SELLER Or Authorized Representative

SELLER Or Authorized Representative

**MASSFORMS**   ©1999, 2002, 2004, 2005, 2007, 2008, 2010, 2015 MASSACHUSETTS ASSOCIATION OF REALTORS®
Statewide Standard Real Estate Forms

# UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MASSACHUSETTS
### WESTERN DIVISION

**In re:**

**SHLOSSER, JEREMY R**

**Debtor(s)**

**Chapter 7**
**Case No.: 18-30953-EDK**

## DECLARATION RE: ELECTRONIC FILING ·

I, Patrick Butler, hereby declare under penalty of perjury that all the information contained in the  Application to Employ Broker filed electronically, is true and correct. I understand that this DECLARATION is to be filed with the Clerk of Court electronically concurrently with the electronic filing of the Document. I understand that failure to file this DECLARATION may cause the document to be struck and any request contained or relying thereon to be denied, without further notice.

I further understand that pursuant to Massachusetts Electronic Filing Local Rule (MEFLR) - 7(a) all paper documents containing original signatures executed under the penalties of perjury and filed electronically with the Court are the Property of the bankruptcy estate and shall be maintained by the authorized CM/ECF Registered User for a period of five (5) years after the closing of the case.

Signed: _____

Patrick Butler

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MASSACHUSETTS

**In re:**  
Case No. 18-30953  
Chapter 7

**Jeremy Shlosser**

_____Debtors_____ /

## AFFIDAVIT OF ARTHUR RICHTON IN SUPPORT OF APPLICATION TO RETAIN BK GLOBAL REAL ESTATE SERVICES AND TEAMWORK REALTY GROUP, LLC TO PROCURE CONSENTED PUBLIC SALE PURSUANT TO 11 U.S.C. § 327, 328 AND 330

STATE OF MASSACHUSETTS )
                                  )
COUNTY OF Hampden )

Arthur Richton, being duly sworn, says:

1.     I am a real estate agent duly licensed by the State of Massachusetts.

2.     I am an agent of TEAMWORK REALTY GROUP, LLC a Massachusetts Corporation, with corporate offices located at 175 Dwight Rd Ste 204 Longmeadow, MA 01106 ("Listing Agent").

3.     I am familiar with the Application to Retain TEAMWORK REALTY GROUP, LLC, filed by the Trustee ("Application") and the property described therein.

4.     I believe that I am experienced and qualified to represent the Trustee in connection with the marketing and sale of the real property located at 63 Clarendon Avenue Chicopee, MA 01013 (the "Property").

5.     TEAMWORK REALTY GROUP, LLC has agreed to accept employment pursuant to the terms and conditions set forth in the Application and the proposed commission structure. Based upon my experience and knowledge of the real estate market, I believe that the commission structure proposed to be paid to Listing Agent does not exceed customary commissions in the applicable geographical area and are reasonable for the type of employment proposed.

1

6.      Neither I nor any member of TEAMWORK REALTY GROUP, LLC hold or represent any interest adverse to the estate with respect to the matters for which we are to be employed and we are disinterested persons within the meaning of 11 U.S.C. § 101(14), as required by § 327(a).

7.      To the best of my information and belief, neither I nor the other members of this firm have any connection with the Debtors, their creditors, or any other party in interest or their respective attorneys or accountants, the U. S. Trustee, or any person employed in the office of the U.S. Trustee, as required by Rule 2014 of the Federal Rules of Bankruptcy procedure except as set forth below.

8.      I represent no interest adverse to the Debtors or its estate in the matters upon which I am to be engaged.

FURTHER AFFIANT SAYETH NAUGHT.

_____
Arthur Richton of
**TEAMWORK REALTY GROUP,
LLC**

The foregoing instrument was sworn to and subscribed before me this 20th day of

December, 2018

NOTARY PUBLIC

_____
Notary Public, State of
Massachusetts

Mary Ellen Machia
Type, Stamp, or Print Name as
Commissioned

MARY ELLEN MACHIA
Notary Public
COMMONWEALTH OF MASSACHUSETTS
My Commission Expires
February 15, 2024

2

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MASSACHUSETTS
## WESTERN DIVISION

| | |
|---|---|
| In re:<br><br>**SHLOSSER, JEREMY R**<br><br><br>**Debtor(s)** | **Chapter 7**<br>**Case No.: 18-30953-EDK** |

## CERTIFICATE OF SERVICE

I, Steven Weiss, of Shatz Schwartz and Fentin, P.C., do hereby certify that on January 7, 2019, a copy of the foregoing Application to Employ Broker was mailed via electronic and/or first-class mail, postage pre-paid, to the following:

Jeremy R. Shlosser
17 Holly Street
Chicopee, MA  01013

Robert J. Lefebvre, Esq.
Gelinas & Lefebvre, P.C.
544 Grattan Street
Chicopee, MA  01020-1545



                                    /S/ Steven Weiss
                              Steven Weiss, Esquire

Label Matrix for local noticing
0101-3
Case 18-30953
District of Massachusetts
Springfield
Mon Jan  7 15:54:01 EST 2019

Springfield
U.S. Bankruptcy Court
300 State Street, Suite 220
Springfield, MA 01105-2925

AT&T
c/o bankruptcy
4331 Communications Dr
Flr 4W
Dallas, TX 75211-1300

Alden Credit Union
710 Grattan St
Chicopee, MA 01020-1292

Amex
Correspondence/Bankruptcy
Po Box 981540
El Paso, TX 79998-1540

(p)CITIBANK
PO BOX 790034
ST LOUIS MO 63179-0034

Kohls/Capital One
Kohls Credit
Po Box 3120
Milwaukee, WI 53201-3120

LVNV Funding/Resurgent Capital
Attn: Bankruptcy
Po Box 10497
Greenville, SC 29603-0497

Midland Funding
2365 Northside Dr Ste 300
San Diego, CA 92108-2709

Portfolio Recovery
Po Box 41021
Norfolk, VA 23541-1021

Portfolio Recovery Assoc LLC
Po Box 41021
Norfolk, VA 23541-1021

Safe Home Security
1125 Middle Street
Middletown, CT 06457-1686

Synchrony Bank
c/o PRA Receivables Management, LLC
PO Box 41021
Norfolk, VA 23541-1021

Tmq Financial Services
Attn: Bankruptcy
Po Box 10409
Des Moines, IA 50306-0409

United Bank/dovenmuehl
1645 Ellington Rd
South Windsor, CT 06074-2764

Volkswagen Credit, Inc
Attn: Bankruptcy
Po Box 3
Hillboro, OR 97123-0003

Wells Fargo Dealer Services
Attn: Bankruptcy
Po Box 19657
Irvine, CA 92623-9657

Wells Fargo/Bob's Discount
Attn: Bankruptcy
Po Box 10438
Des Moines, IA 50306-0438

Jeremy R Shlosser
17 Holly Street
Chicopee, MA 01020-1413

Richard King
Office of the U. S. Trustee
446 Main Street
14th Floor
Worcester, MA 01608-2361

Robert J. Lefebvre
Gelinas & Lefebvre, P.C.
554 Grattan Street
Chicopee, MA 01020-1545

Steven Weiss
1441 Main Street
Suite 1100
Springfield, MA 01103-1450

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

Citibank (South Dakota)NA
Bankruptcy Operations
P.O. Box 20507
Kansas City, MO 64159